IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sheila Boyd and Linzy Boyd, | ) | |
| | ) | C/A No.: 3:11-cv-3241-JFA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| United States of America and Palmetto Health Alliance, d/b/a Palmetto Richland Memorial Hospital, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court pursuant to the defendant's motion to dismiss (ECF No. 15). The parties have briefed the issues, and the court also invited oral argument. For the reasons stated below, the court hereby denies the motion without prejudice. The parties are permitted to engage in limited discovery for a period of two months related to the question of when the claim accrued. The court finds that at this stage there is not a sufficient record before it for the resolution of this issue. At the conclusion of the limited discovery period, the defendant may raise the statute of limitations defense anew in a motion to dismiss. As will be discussed below, the court finds the plaintiffs' alternative defenses against the motion unpersuasive.

## I.    FACTUAL AND PROCEDURAL HISTORY

This case arises from allegations of medical malpractice stemming from a surgery performed at Richland Memorial Hospital by Dr. Irving Smith on Sheila Boyd. After referral from her primary care physician, Mrs. Boyd saw Dr. Smith, a gynecologist who

1

advised her that surgery was necessary for an ovarian cyst. The surgery took place on December 1, 2008. Mrs. Boyd had given informed consent for a laparoscopic exam and left ovarian cystectomy. During the course of the exam, Dr. Smith transitioned to an open laparotomy and engaged in lysis of Mrs. Boyd's abdominal adhesions. Dr. Smith perforated a segment of Mrs. Boyd's bowel, requiring removal of a portion of the bowel and a partial bowel resection with an anastomosis. Dr. Smith also performed a supracervical hysterectomy and removed part of the uterus and both fallopian tubes, without the prior consent of Mrs. Boyd.

Following her surgery, Mrs. Boyd experienced post-operative gastrointestinal problems, and she was not allowed to leave the hospital until December 7, 2008. She alleges she experienced her first episode of fecal incontinence the following day, and that such episodes continued—"with increasing frequency"—over the next several months. (Pls.' Response Opp. Mot. Dismiss 6, ECF No. 26.) Mrs. Boyd reported the fecal incontinence to a nurse practitioner for her primary care physician on October 2, 2009. The nurse practitioner (Evelyn May) noted that the problem may have been related to a herniated disc or the partial bowel resection, and she referred Mrs. Boyd to a Gastroenterologist.

The parties dispute when the claim accrued—when Mrs. Boyd first had notice that her gastrointestinal problems may have been related to her December 1, 2008 surgery. The plaintiffs contend that the claim accrued on Mrs. Boyd's October 2, 2009 visit to the nurse practitioner. Although a more definitive diagnosis of the connection did not occur until months later, Mrs. Boyd alleges she learned of the possible connection at that time.

The defendants contend that the complications immediately after the surgery dictate that the claim accrued at that time, immediately following the surgery.

On December 1, 2010, Plaintiffs filed a Notice of Intent to Sue (NOI) in state court. Because they allege they did not receive notice of Dr. Irving's status as a deemed federal employee until April 14, 2011, they did not file the administrative claim with the Department of Health and Human Services (DHHS) until April 20. They filed the State court complaint in the Court of Common Pleas, Richland County on April 26, 2011. The case was removed to this court, and the court substituted the United States as defendant. This court dismissed the case (3:11-cv-1201-JFA) without prejudice because the administrative remedies had not been exhausted at that point. On November 29, 2011, the plaintiffs re-filed a complaint in this court. The plaintiffs re-filed because the administrative claim had been denied, which permits the party to file an action in the district court. The defendant next filed the instant motion to dismiss.

## II.     LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal for lack of subject matter jurisdiction. This claim is governed by the Federal Tort Claims Act (FTCA), which includes a statute of limitations providing that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). This requirement of filing an administrative claim is jurisdictional. *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278–79 (4th Cir. 2000). Plaintiffs bear the burden of proving that the their FTCA administrative claim was timely such that this court possess

subject matter jurisdiction. *Johnson v. Smithsonian Institution*, 189 F.3d 180, 189 (2nd Cir. 1999). In ruling on a 12(b)(1) motion, the court may consider the pleading's allegations as jurisdictional evidence and may also consider evidence outside the pleadings. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## III.   DISCUSSION

Defendant brings the motion to dismiss arguing that the action is not timely because the claim accrued on Dec. 1, 2008, the date of the surgery, but the plaintiffs did not file the administrative claim until April 20, 2011, more than two years after the claim accrued. 28 U.S.C. § 2401(b). Plaintiff contests the motion on three grounds.

   *a. Date on Which the Claim Accrued*

Plaintiffs first argue that the claim did not accrue until Mrs. Boyd learned from a nurse practitioner of the possible connection between the surgery and her ongoing bowel problems. Though the general rule under the FTCA is that a claim accrues at the time of injury, in medical malpractice cases, the claim does not accrue until the plaintiff is aware of both the injury and its cause. *Kubrick v. United States*, 444 U.S. 111, 120 (1979); *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990). A plaintiff has such knowledge when she becomes aware of "the critical facts that [s]he has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122. The plaintiff need only have some "elemental knowledge" of the claim, she need not "have complete knowledge of all elements or a legal understanding of the nature of the claim before [her] claim exists." *Lekas v. United Airlines, Inc.*, 282 F.3d 296, 299 (4th Cir. 2002).

4

Plaintiffs argue that the claim accrued on the October 2, 2009, visit to the nurse practitioner when she learned that the surgery may have caused her bowel problems Plaintiffs admit that the bowel problems began immediately following surgery and "continued with increasing frequency over the next several months." They argue, however, that the claim did not accrue until she spoke with the nurse practitioner and learned of the possible connection to her surgery the year before. On the other hand, the defendant argues that Mrs. Boyd knew the injury and cause immediately.[1] Defendant argues that immediately following the surgery she experienced problems and thus, at that time, Mrs. Boyd knew of both the injury and the cause, and that claim accrued at that point.

The court finds neither argument convincing. Rather, the claim likely accrued sometime between the two dates argued by the parties. Though defendant contends the claim accrued immediately after surgery, at that time, it was likely not clear that the problem would persist. In other words, it was some time after the surgery before Ms. Boyd was aware of the true nature of her injury and that it would persist, and that the bowel problems were not the result of something else that would clear up. *See Kerstetter v. United States*, 57 F.3d 362, 364 (4th Cir. 1995) (finding that plaintiffs' claim did not accrue until after they were aware that an injury related to a surgery was permanent).

On the other hand, Mrs. Boyd did not inquire about the "chronic diarrhea" with a medical professional until ten months after the surgery. Plaintiffs contend that the claim

---

[1] Plaintiffs do not contest that they were informed of the bowel perforation, they argue that were not informed that complications could result from the procedure.

5

accrued at that time and rely on *Kubrick* where the court held that the plaintiff had to learn of the connection between hearing loss and surgery for a leg wound before the claim accrued. In *Kubrick*, the court reasoned that once a plaintiff knew of the injury and its cause—not when the plaintiff learns that the injury was the result of negligence—the plaintiff is on inquiry notice and should inquire further to protect her rights. In this case, the connection was direct—Mrs. Boyd immediately learned that the surgery involved a bowel resection, so there is not the need for a third-party to make the connection—she already knew the connection existed. Accordingly, once Mrs. Boyd learned of the persistent nature of the injury, she was armed with the critical facts.

The record currently before the court, however, is insufficient to indicate when that date might be. Because the court believes that the claim likely accrued sometime between the surgery and the visit to the nurse practitioner, the court directs the parties to engage in limited discovery relevant to this time period.

  b. *Savings Clause 28 U.S.C. § 2679(d)(5)*

Congress amended the FTCA with the Westfall Act in 1988 to include a savings clause to protect a claimant who files a claim governed by the FTCA in the wrong forum. The savings clause provides:

> . . . any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending
> . . .
> . . . a claim shall be deemed to be timely presented under section 2401 (b) of this title if— (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and . . .

6

28 U.S.C. § 2679(d)(2) & (d)(5).  Plaintiffs argue in the alternative that, even if the claim accrued on December 1, 2008, they can avail themselves of the savings clause because the notice of intent (NOI) filed in state court constitutes a "proceeding" as the term is used in this statute.  They note that a NOI is a required prerequisite for the filing of a complaint.  Plaintiffs' concede they cannot find a case addressing this precise issue, but cite other cases that have construed the term proceeding broadly.  Plaintiffs argue that, because they filed the NOI on Dec. 1, 2010, they fall within the statute of limitations even if this court finds that he claim accrued on the earliest possible date, December 1, 2008.

The defendant argues that the savings clause only applies to the date the *complaint* was filed in state court.  Defendant argues that there is no support under FTCA precedent for the plaintiffs' theory.  Moreover, the defendant argues that numerous courts have held that state tolling provisions are inapplicable under the FTCA.  *See Santos ex rel. Beato v. United States*, 559 F. 3d. 189, 193 (3d Cir. 2009); *Phillips v. United States*, 260 F.3d 1316, 1319 (11th Cir. 2001); *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 274–75 (10th Cir. 1991); *Vega-Velez v. United States*, 800 F.2d 288, 290 (1st Cir. 1986); *Mendiola v. United States*, 401 F.2d 695, 697 (5th Cir. 1968); *Jones v. United States*, 126 F. Supp. 10, 11–12 (D.D.C. 1954).

Though these cases do not answer the question presented in this case directly, the court finds that they foreclose the argument the plaintiffs advance.  The cases cite a need for uniformity in federal law, and accordingly, reject various state rules and exceptions in

order to maintain uniformity under federal law. Adopting the plaintiffs' argument would create a different rule for cases filed in S.C., and such a result would run afoul of the logic underlying the cases cited above. Accordingly, the court finds that term "proceeding" as used in the statute does not include the NOI filed in state court such that the date the NOI was filed, as opposed to the date the complaint was filed, would trigger the savings clause.

*c. Equitable Tolling*

Plaintiffs' final argument is that the FTCA statute of limitations should be equitably tolled because of the conduct of the defendant. Primarily, plaintiffs rely on the fact that the status of Dr. Irving as a federal employee was not disclosed until April 19, 2011, more than four months after proceedings had begun in this case. Plaintiffs indicate they had difficulty ascertaining which practice or practices with which Dr. Irving was affiliated. Even after being served with the NOI, Dr. Smith did not disclose his status.

Defendants argue that, first, it is unclear whether the Fourth Circuit would allow equitable tolling, and second, even if applied, the facts of this case do not support its application. Two district courts that have considered the issue did find it likely that equitable tolling would be available in the Fourth Circuit. *See Bohrer v. City Hosp., Inc.*, 681 F. Supp. 2d 657, 675 (N.D.W. Va. 2010) (noting that "equitable tolling is likely not available in FTCA cases," because the power to consent is left to Congress, and unlike in other cases, the FTCA does not provide for a tolling provision. Because the court found it possible that it may apply, the court did consider the issue but found it did not apply.); *Gibson v. United States*, 2011 WL 1087933, *4 (S.D.W. Va. 2011) ("It is not clear to the

Court that equitable tolling applies because of the Fourth Circuit's strict position on the jurisdictional nature of the FTCA's general statute of limitations. However, even if the Court were to assume that it could apply, Plaintiff is still unlikely to succeed.").

Cases that have recognized equitable tolling require some type of misconduct by the adversary. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (requiring that "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."). The defendant argues that the plaintiffs never asked them directly, and therefore, there is no misconduct on its part. See *Gould v. U.S. Dep't of Health & Human Services*, 905 F.2d 738, 745 (4th Cir. 1990) (citing *Van Lieu v. United States*, 542 F.Supp. 862, 866 (N.D.N.Y.1982)) ("The government is under no obligation to notify every prospective plaintiff of its identity and involvement through its employees in all potential legal actions."). Rather, the defendant argues that this case is a simple case of failure to exercise due diligence on the part of the plaintiffs, where courts have not applied equitable tolling. *See Irwin* at 96. The defendant also notes that the Government operates a hotline and website to provide such information to the public.

Without taking a position on whether or not the Fourth Circuit may adopt equitable tolling, the court finds that the facts of this case do not merit its application. The plaintiff has not indicated any misconduct or misrepresentations on the part of the defendant. The facts indicate that it was merely a case of doing nothing rather than doing something deliberately misleading. Accordingly, the court finds that equitable tolling does not apply to this case.

## IV.  CONCLUSION

As noted above, the court finds plaintiffs' Savings Clause and Equitable Tolling arguments unconvincing. Accordingly, plaintiffs need not raise these issues at the end of the limited discovery period. However, because the court is unconvinced by either party's position related to when the claim accrued, the parties will be permitted to conduct discovery for a two-month period from the date of this order. Following that period, the defendant may, if it deems relevant, re-file a motion to dismiss. Accordingly, the court denies the defendant's motion to dismiss without prejudice.

IT IS SO ORDERED.

August 1, 2012  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge